■ In the Matter of the Claim of EDDIE K. BROWN, Appellant. BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, Respondent; COMMISSIONER OF LABOR, Respondent. [758 NYS2d 867] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 9, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as the director of environmental support services in an acute care hospital. Finding that his job performance was unsatisfactory and that counseling sessions had failed to improve it, the employer notified claimant that he would be placed on a three-month term of probation during which time his performance would be monitored and he would be required to adhere to a plan of improvement. Claimant resigned, refusing to accept the status of a probationary employee. The Unemployment Insurance Appeal Board subsequently ruled that he was disqualified from receiving benefits because he voluntarily left his employment without good cause while continuing work was available.

Claimant testified at the administrative hearing that he had refused to accept the term of probation because of his belief that it had been devised by the employer as a means to discharge him, i.e., as soon as he made a mistake, he would be fired. Perceiving the requirement of a probationary term as tantamount to discharge, claimant contends that he left his employment because he was fired.

We disagree. It has been held that leaving employment to avoid serving a term of on-the-job probation does not constitute good cause for resignation (*see Matter of Arroyo [Sweeney]*, 247 AD2d 745, 746 [1998]; *Matter of Krinsky [Sweeney]*, 238 AD2d 659 [1997]), nor does quitting in anticipation of discharge (*see*

*Matter of Miller [Commissioner of Labor]*, 296 AD2d 693, 694 [2002]). We conclude that substantial evidence supports the Board's determination that claimant left his employment under disqualifying circumstances. Hence, its decision will not be disturbed.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.